**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, FIRE & POLICE PENSION ASSOCIATION OF COLORADO; LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM; CENTRAL LABORERS PENSION FUND; PUBLIC EMPLOYEES RETIREMENT SYSTEM OF MISSISSIPPI, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ANGELO R. MOZILO; DAVID SAMBOL; HENRY G. CISNEROS; ROBERT J. DONATO; JEFFREY M. CUNNINGHAM; MARTIN R. MELONE; ROBERT T. PARRY; OSCAR P. ROBERTSON; KEITH P. RUSSELL; STANFORD L. KURLAND; CARLOS M. GARCIA; ERIC P. SIERACKI; COUNTRYWIDE FINANCIAL CORPORATION, Nominal Defendant, <br><br> Defendants - Appellees, <br><br> _____, | No. 10-56340 <br><br> D.C. No. 2:07-cv-06923-MRP-MAN <br><br> MEMORANDUM[*] |

_____

 [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

HARLEY W. SNYDER; MICHAEL E.
DOUGHERTY; BANK OF AMERICA
CORPORATION,

Defendants,

And

ROBERT L. GARBER,

Third-party-plaintiff.

Appeal from the United States District Court
for the Central District of California
Mariana R. Pfaelzer, Senior District Judge, Presiding

Argued and Submitted November 8, 2012
Submission Withdrawn January 10, 2013
Resubmitted December 27, 2013
Pasadena, California

Before: REINHARDT and THOMAS, Circuit Judges, and NAVARRO, District
Judge.**

In this shareholder derivative action, five institutional investors have sued on

behalf of the former Countrywide Financial Corporation ("Countrywide"),

asserting state and federal derivative claims for breach of fiduciary duty and

securities law violations against former Countrywide officers and directors. While

the suit was pending in the district court, Countrywide merged into a wholly-

_____

** The Honorable Gloria M. Navarro, District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

owned subsidiary of Bank of America Corporation in a stock-for-stock transaction that divested the plaintiffs of their Countrywide shares. Nominal defendant Countrywide then moved for judgment on the pleadings, arguing that the merger destroyed the plaintiffs' standing to pursue derivative claims on Countrywide's behalf. The district court granted the defendant's motion, finding that the plaintiffs cannot satisfy the "continuous ownership" requirement for shareholder derivative standing under Fed. R. Civ. P. 23.1 and Delaware law.

On appeal, the parties agree that Delaware law governs the plaintiffs' derivative standing, with both parties relying on *Ark. Teacher Ret. Sys. v. Caifa*, 996 A.2d 321 (Del. 2010).

We certified the question of post-merger derivative standing to the Supreme Court of the State of Delware, pursuant to Delaware Supreme Court Rule 41. The Supreme Court graciously accepted our certification of the following question:

> Whether, under the "fraud exception" to Delaware's continuous ownership rule, shareholder plaintiffs may maintain a derivative suit after a merger that divests them of their ownership interest in the corporation on whose behalf they sue by alleging that the merger at issue was necessitated by, and is inseparable from, the alleged fraud that is the subject of their derivative claims.

The Delaware Supreme Court issued its decison and answered our question in the negative, holding that the Countrywide-Bank of America merger

extinguished the plaintiffs' derivative standing. *Arkansas Teacher Retirement System v. Countrywide Financial Corp.* 75 A.3d 888, 897 (Del. 2013).

The Delaware Supreme Court's opinion is self-explanatory and dispositive of this appeal. We need not, and do not, reach any other question urged on appeal.[1] We deny all pending motions as moot. We affirm the judgment of the district court.

**AFFIRMED.**

---

[1] Following the decision of the Delaware Supreme Court, Plaintiffs urge us now to decide the question of standing under federal common law. However, prior to certification, all parties agreed that Delware law controlled, and we certified the question of standing to the Delware Supreme Court on that basis. Under the doctrine of law of the case, we decline to revisit that decision. *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc). We leave any decision as to federal common law for another day.